IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PEGASUS RESIDENTIAL,

       Plaintiff,

v.

KIMBERLY WILSON
and All Other Occupants,

       Defendant.

CIVIL ACTION FILE NO.

1:14-CV-01499-WSD-JFK

## FINAL REPORT AND RECOMMENDATION

The above-styled case is before the undersigned on Defendant Kimberly Wilson's application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.

## I.    Background Facts

At some time before April 30, 2014, Plaintiff Pegasus Residential, doing business as Steeple Chase Apartments, the owner of the real property commonly known as 5970 Hunt Club Run, Apt. # D, Norcross, Georgia, filed a dispossessory warrant in the Magistrate Court of Gwinnett County, Georgia, against Kimberly Wilson and all other occupants at 5970 Hunt Club Run, Apt. # D, Norcross, Georgia, as tenants at sufferance for failure to pay past due rent.  [Doc. 1-1 at 4 (Dispossessory Judgment)].  On April 30, 2014, the Gwinnett County Magistrate Judge and the parties signed a Consent Judgment for the amount of past due rent, court costs and interest; the Magistrate Court further ordered that a writ of possession be issued on May 7, 2014.  Plaintiff filed a petition for removal to this court on May 19, 2014.  [Doc. 1-1].

## II.   Discussion

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C.

2

§ 1447(c).  See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal

courts "have an independent obligation to determine whether subject-matter

jurisdiction exists, even in the absence of a challenge from any party").  "[I]n removal

cases, the burden is on the party who sought removal to demonstrate that federal

jurisdiction exists."  Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th

Cir. 2001).  "[U]ncertainties are resolved in favor of remand."  Burns v. Windsor Ins.

Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant Wilson bases her petition for removal of the dispossessory action on

the court's federal question jurisdiction.  [Doc. 1-1 at 1].[1]  "The presence or absence

of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,'

which provides that federal jurisdiction exists only when a federal question is

presented on the face of the plaintiff's properly pleaded complaint. . . .  The rule makes

the plaintiff the master of the claim; he or she may avoid federal jurisdiction by

exclusive reliance on state law."  Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429

---

[1]Defendant does not contend that the court has jurisdiction on the basis of diversity, and there is no evidence of complete diversity of citizenship between the parties.  Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

(1987) (citations omitted). Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

In the present case, Plaintiff Pegasus Residential, relied exclusively on state law when it filed a dispossessory proceeding in the Magistrate Court of Gwinnett County. [Doc. 1-1 at 4]. A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50. See Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); Ikomoni v. Executive Asset Management, LLC, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (March 16, 2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq*.'") (citation omitted) (emphasis added). Defendant alleges that removal is proper on the basis of federal question jurisdiction, and in her Petition for Removal, Defendant Wilson claims that the dispossessory proceeding violated "15 USC 1692," a reference to the Fair Debt Collection Practices Act, and Defendant's rights under the Due Process Clause of the 14th Amendment to the United States Constitution. [Doc. 1-1]. However, no federal question is presented on the face of Plaintiff's well-pleaded complaint. [Doc. 1-1 at 4]. There is also no evidence which warrants the application of an exception to the well-pleaded complaint rule, such as the doctrine of complete

4

preemption.  <u>Caterpillar</u>, 107 S. Ct. at 2430.  For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

## III.  Conclusion

Accordingly, because Defendant has failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Gwinnett County.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 22nd day of May, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE